**KAUFMAN DOLOWICH & VOLUCK, LLP**
Vincent S. Green, Esq.    SBN 231046
vgreen@kdvlaw.com
11755 Wilshire Boulevard, Suite 2400
Los Angeles, California 90025
Telephone: (310) 775-6511
Facsimile: (310) 575-9720

Attorneys for Defendant
Monarch Recovery Management, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| REY RABAGO<br><br>PLAINTIFF<br><br>v.<br><br>MONARCH RECOVERY MANAGEMENT, INC.,<br><br>DEFENDANT | Case No.:<br>[San Bernardino Superior Court Case No. CIVDS1515402]<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(A)**<br>**(FEDERAL QUESTION)**<br><br>*[Filed concurrently with Notice of Interested Parties and Civil Cover Sheet]* |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendant Monarch Recovery Management, Inc. (hereinafter referred to as "Monarch") respectfully submits this Notice of Removal in this civil action from the Superior Court of the State of California for the County of San Bernardino to the United States District Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C. §§ 1441 and 1446, based on

1

federal question jurisdiction. Specifically Plaintiff Rey Rabago asserts claims for damages against defendant arising out of alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* and the Telephone Consumer Protection Act, 47 U.S.C.§ 227 *et. seq.*

In support of this Notice of Removal, Monarch, through its counsel states as follows:

## PROCEDURAL BACKGROUND

1. Plaintiff commenced this action by filing a complaint in the Superior Court of the State of California for the County of San Bernardino on October 9, 2015, entitled *Rey Rabago v. Monarch Recovery Management, Inc.*, Case NO. CIVDS1515402 (the "State Court Action"). A true and correct copy of the summons and complaint is attached hereto as Exhibit "A," in accordance with 28 U.S.C. § 1446(a), and is incorporated by reference.

2. The Complaint alleges violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq.* (Complaint p. 2 ¶ 4 through p. 4 ¶15; p. 4 & 5 ¶ 18) and the Telephone Consumer Protection Act ("TCPA") 47 U.S.C.§ 227 *et. seq.* (Complaint p. 2 ¶ 4 through p. 4 ¶15; p. 5, ¶¶ 19-24) The complaint was served on Monarch on November 4, 2015.

## BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

3. Under 28 U.S.C. § 1441(a), any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

4. Further, 28 U.S.C. § 1441(b) provides that any civil action for which the district courts have original jurisdiction founded on a claim or right arising under the

Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

5.  This matter may be removed from the state court because this Court has original jurisdiction over claims arising under the FDCPA and TCPA, which are laws of the United States. Further, the FDCPA provides "[a]n action to enforce any liability [created by this subchapter or under this title] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction." 15 U.S.C. § 1692k(d).

## TIMELINESS OF REMOVAL

6.  As noted above, the Complaint was served on Monarch on November 4, 2015. Defendant's Notice of Removal is therefore timely because defendant has filed this Notice "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## VENUE

7.  Venue is proper in this district and division because the State Court Action was filed and is pending in the Superior Court of the State of California for the County of San Bernardino, which is located within the federal United States District Court for the Central District of California.

## COMPLIANCE WITH REMOVAL PROCEDURES

8.  Defendant has complied with all of the procedural requirements for removal set forth in 28 U.S.C. § 1446. As noted above, the notice of removal is filed

1  within 30 days of the service of the pleading from which it may first be ascertained
2  that the case is one which is or has become removable.
3      9.   Pursuant to § 1446 (d), a copy of this Notice of Removal, including
4  exhibits is being served on plaintiff.
5      10.  Pursuant to § 1446(d), a copy of this Notice of Removal, including
6  exhibits, will be filed with the Superior Court of the State of California for the
7  County of San Bernardino, Case NO. CIVDS1515402.
8      11.  Copies of all process, pleadings and orders served on the defendant are
9  attached hereto.
10     12.  All named defendants are joining in this removal.

12     WHEREFORE, for the foregoing reasons, defendant removes this action from
13 the Superior Court of the State of California for the County of San Bernardino to the
14 United States District Court for the Central District of California, Eastern Division
15 and respectfully requests that the Court exercise jurisdiction over this action.

Respectfully submitted,

DATED: December 3, 2015    KAUFMAN DOLOWICH & VOLUCK, LLP

By: _____
Vincent S. Green, Esq.
Attorneys for Defendant
Monarch Recovery Management, Inc.

4840-0559-7995, v. 1